T.C. Memo. 1995-558

UNITED STATES TAX COURT

MIGUEL PAGAN, JR. AND MARTHA C. PAGAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 165-93.                    Filed November 27, 1995.

<u>Claire R. McKenzie</u>, for respondent.

MEMORANDUM OPINION

FAY, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for failure to properly prosecute, filed June
20, 1994.  On July 12, 1994, a hearing was held in Chicago,
Illinois, on respondent's aforementioned motion.  Petitioners did
not appear.  Respondent was heard, whereupon the Court took
respondent's motion under consideration.

By statutory notice of deficiency, respondent determined deficiencies in and additions to petitioners' Federal income tax in the following amounts:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6654 | Sec. 6661 | Sec. 6662(a) |
| 1988 | $15,063 | $753.15 | -- | $3,765.75 | -- |
| 1989 | 12,270 | -- | $182.56 | -- | $2,454 |

All section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The sole issue for decision is whether respondent's motion to dismiss for failure to properly prosecute should be granted. We hold that it should.

Background

Petitioners filed joint Federal income tax returns for the years at issue. In response to the statutory notice, petitioners, by and through their counsel, Todd M. Conover, timely filed their petition on January 4, 1993. Petitioners resided in Highland, Indiana, at the time the petition in this case was filed.

Respondent's answer was filed on February 24, 1993. Thereafter, this case was set for trial on January 31, 1994, in Chicago, Illinois. Before the scheduled trial, petitioners' counsel, Todd M. Conover, filed, on November 4, 1993, a motion to

withdraw. Such motion was granted on November 12, 1993. There-after, petitioners proceeded with this case pro se.

On December 17, 1993, respondent filed a motion for continu-ance. On December 21, 1993, respondent's motion was granted. By the same order, the parties were instructed to file status reports on or before February 21, 1994.

On February 17, 1994, petitioners filed a status report informing the Court that a meeting had been scheduled for February 17, 1994, with a representative of the Chicago Appeals Office. Respondent also filed her status report on February 17, 1994. Because both parties indicated that attempts at settlement were progressing satisfactorily, the Court ordered on February 24, 1994, that the parties file additional status reports on or before June 9, 1994.

Respondent's status report was filed June 3, 1994. No status report was received from petitioners. Respondent's status report outlined ongoing attempts to contact petitioners in order to obtain the documents needed to substantiate petitioners' claims.

On February 17, 1994, petitioner Martha Pagan met with respondent's Appeals Officer. At that meeting, petitioner agreed to meet with the Appeals Officer on March 3, 1994, to provide him with substantiation documentation. Petitioner canceled the March 3, 1994, meeting. The meeting was rescheduled for March 9, 1994. Petitioner canceled the March 9, 1994, meeting. It was resched-

uled for March 16, 1994. Petitioner canceled the March 16, 1994, meeting. It was rescheduled for March 28, 1994. Petitioner canceled the March 28, 1994, meeting but requested permission to mail the necessary documents to the Appeals Officer.

On April 19, 1994, the Appeals Officer telephoned petitioners to inquire as to the status of the expected records. Petitioner again promised to mail the information to the Appeals Officer. On April 29, 1994, the Appeals Officer again called petitioners to inform them that no records had, as yet, been received. Petitioner informed the Appeals Officer that she had not yet sent the desired documents. The Appeals Officer then mailed petitioners a letter summarizing many phone calls and canceled meetings that had occurred. On May 4, 1994, the Appeals Officer mailed petitioners a letter that informed petitioners that their substantiation documentation had not been received and included decision documents reflecting the amounts due as shown on the statutory notice. The Appeals Officer then attempted to reach petitioners by phone on May 4 and 5, 1994.

On May 16, 1994, respondent telephoned petitioner and informed her of the need to file a status report and the need for the substantiation materials in order to proceed with settlement; respondent suggested that a joint status report be filed. On May 17, 1994, respondent attempted to reach petitioners by phone at home and at their places of employment. On May 18, 1994,

respondent spoke with petitioner who restated her intent to mail the needed substantiation material to respondent.

On May 18, 1994, respondent mailed to petitioners, by certified and regular mail, a proposed joint status report along with a letter informing petitioners of respondent's intent to file a motion to dismiss if adequate substantiation were not received by June 15, 1994. Petitioner signed the return receipt for the certified letter on May 23, 1994, but took no action in response to the letter.

Thereafter, on June 20, 1994, respondent filed her motion to dismiss for failure to properly prosecute. By order of June 22, 1994, this Court ordered that the case be calendared for a hearing on respondent's motion to dismiss on July 12, 1994.

The case was called on July 12, 1994. There was no appearance by or on behalf of petitioners. Petitioners did not submit to the Court a written statement of their position nor did they submit any supporting documents. Respondent had, by that time, made three additional attempts to resolve the case. On June 14, 1994, respondent sent petitioners a certified letter informing them of her intention to file a motion to dismiss for failure to properly prosecute. In this letter, respondent indicated that, should the needed substantiation documents be received, she would withdraw the motion. No documents were received from petitioner. On June 24, 1994, respondent spoke with petitioner on the phone. Petitioner indicated that she had,

indeed, received this Court's order calendaring for a hearing respondent's motion to dismiss for failure to prosecute. On July 5, 1994, respondent sent petitioners a letter reminding them of the hearing and again requesting the needed substantiation documents. Petitioner promised, yet again, to mail the necessary documentation. No documents were received by the date of the hearing on respondent's motion to dismiss for failure to properly prosecute.

## Discussion

In light of the record in this case, the Court finds that petitioners have clearly indicated by their conduct and the overall record in this case that they no longer wish to contest any issue involved in this case. Petitioners have the burden of proof as to the deficiencies and additions to tax at issue.

It is well established that this Court can dismiss a case against a party if that party fails to follow our Rules or otherwise fails to properly prosecute his or her case. Ducommun v. Commissioner, 732 F.2d 752 (10th Cir. 1983). Rule 123(b) provides for the dismissal of a case when a taxpayer fails to prosecute his or her case, fails to comply with the Court's Rules or any order of the Court, or for any cause which the Court deems sufficient. Smith v. Commissioner, 91 T.C. 1049 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). Dismissal of a case is a

sanction resting in the discretion of the trial court. <u>Levy v. Commissioner</u>, 87 T.C. 794, 803 (1986).

As set forth above, petitioners failed to cooperate with respondent in her attempt to either reach a settlement in the case or to prepare properly for trial. Petitioners delayed the proceedings under the pretext of wanting to amicably settle this case. Petitioners' bad faith, coupled with their failure to cooperate, has made it impossible for respondent to conduct negotiations or otherwise proceed with this case.

Accordingly, we grant respondent's motion to dismiss for failure to properly prosecute. Therefore, respondent prevails on the underlying deficiencies and the additions to tax.

<u>Decision will be entered</u>

<u>for Respondent</u>.